O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00398 AHM (AJWx) | Date | July 16, 2009 |
|---|---|---|---|
| Title | TED SHIN *et al.* v. BMW OF NORTH AMERICA, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

In this putative class action, Plaintiffs allege that BMW of North America, LLC ("BMW") failed to disclose that the aluminum alloy wheels affixed to "low profile" tires on certain models of BMW automobiles are subject to premature cracking and would need to be replaced more frequently than normal wheels. Second Am. Compl. ¶ 26. In Count I they allege that BMW violated Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL") and in Count II they allege BMW violated the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*

BMW has moved to dismiss the Second Amended Complaint ("SAC"). The Court GRANTS IN PART AND DENIES IN PART the motion.[1] The motion is granted as to Count II, the CLRA claim, but with leave to amend, and the motion is denied as to Count I, the UCL claim. Any Third Amended Complaint curing the pleading deficiency in the CLRA claim must be filed by July 31, 2009. Below, the Court addresses each of Defendant's arguments in the order they are presented.

1.  **Deceptive Conduct Based on the "Reasonable Consumer" Standard (UCL and CLRA)**

Plaintiffs allege that BMW failed to disclose material facts about the BMW alloy wheels. *See* SAC ¶¶ 26, 44. BMW contends that their allegations on the whole do not describe conduct that is likely to deceive a reasonable consumer. *See Williams v. Gerber Products, Inc.*, 552 F.3d 934, 938 (9th Cir. 2008) (noting that claims of deceptive

---

[1] Docket No. 20.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00398 AHM (AJWx) | Date | July 16, 2009 |
|---|---|---|---|
| Title | TED SHIN *et al.* v. BMW OF NORTH AMERICA, *et al.* | | |

practices under the CLRA and UCL are governed by the "reasonable consumer" test) (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). BMW relies on the fact that Plaintiffs allege that BMW's promotional material contained the following language: "Due to low-profile tires, please note: wheels, tires and suspension parts are more susceptible to road hazard and consequential damages." SAC ¶ 27. Plaintiffs also allege that the footnote is "neither conspicuous, plain and clear, nor is it placed and printed so that it will attract the reader's attention." *Id.*

Contrary to BMW's contention, Plaintiffs do not "admit" in SAC ¶ 27 that BMW disclosed the "very information" they allege BMW concealed. Mot. at 5. The "disclaimer" BMW made is not identical to the disclosure that Plaintiffs allege BMW should have made.[2] The disclaimer warns only of "more" susceptibility to unspecified "road hazard and consequential damages." Plaintiffs allege that BMW should have specifically informed them that the wheels have a shorter life-span than reasonable consumers would expect. *See* SAC ¶ 23.

Plaintiffs' allegations are sufficient to state a claim of deceptive conduct based on an omission of a material fact that Defendant was obliged to disclose. A defendant may have a duty to disclose an alleged defect for purposes of a claim of unfair or deceptive practices under the CLRA in four circumstances:

> (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact.

*LiMandri v. Judkins*, 52 Cal.App.4th 326, 337 (Cal. Ct. App. 1997)). Plaintiffs' allegations support a claim based on the second, third, and fourth circumstances. *See* SAC ¶¶ 23-27, 48, 52.

---

[2]The Court grants Defendant's unopposed Request for Judicial Notice of the actual sales brochures for the relevant model years to which Plaintiffs referred. The language quoted in the SAC is located in a footnote directly below a description of the tires. The footnote is printed in smaller font than the main text.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00398 AHM (AJWx) | Date | July 16, 2009 |
|---|---|---|---|
| Title | TED SHIN *et al.* v. BMW OF NORTH AMERICA, *et al.* | | |

BMW's disclaimer about the low-profile wheels' "susceptib[ility] to road hazard and consequential damages" does not preclude Plaintiffs from establishing that Defendant's failure to disclose the wheels' tendency to crack prematurely would deceive reasonable consumers. The two cases Defendant cites that applied the reasonable consumer standard on a motion to dismiss similar claims are distinguishable. In both *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) and *Girard v. Toyota Motor Sales, U.S.A., Inc.*, 2008 WL 5077581 *1 (9th Cir., Nov. 17, 2008), the defendants' advertisements disclosed precisely the information that the plaintiffs allege were not adequately disclosed.[3] In *Freeman*, the Ninth Circuit recently stated, the "advertisement itself made it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008). Thus, *Freeman* is an example of a "rare situation in which granting a motion to dismiss [a deceptive practices claim] is appropriate." *Id.*

Here, Plaintiffs allege both that the disclaimer in the sales brochures did not in fact provide the needed disclosures and that the disclaimer was not sufficiently conspicuous. SAC ¶ 27. They acknowledge that there was some disclosure, but they also allege that the disclosure did not plainly and clearly disclose the specific, material facts about the alloy wheels' tendency to crack. Thus, even if BMW's disclaimer was conspicuous enough for a reasonable consumer to notice it, the Court has no basis to find that the disclaimer put a reasonable consumer on notice of the same alleged defect that Plaintiffs allege BMW should have revealed. As in *Williams*, the key issue with the disclaimer is whether its content is likely to deceive a reasonable consumer, not whether its size and placement was sufficiently conspicuous. *See Williams*, 552 F.3d at 939 (discussing how the description of ingredients on packages of fruit juice snacks could be interpreted by consumers). In this case, Plaintiffs' pleading is adequate to permit them to try to prove that, notwithstanding the BMW sales brochures, a reasonable consumer was likely to be

---

[3]In *Freeman*, the only case that contained significant discussion on point, the plaintiff did not dispute that the defendant provided language in its advertising that directly clarified the misleading language. The plaintiff only argued that the reader would review the large print and ignore the qualifying language in small print. 68 F.3d at 289. The court found that argument unconvincing, because the defendant's advertising materials expressly and repeatedly stated the qualifying language, and the language was not hidden or unreadably small. *Id.*

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00398 AHM (AJWx) | Date | July 16, 2009 |
|---|---|---|---|
| Title | TED SHIN *et al.* v. BMW OF NORTH AMERICA, *et al.* | | |

deceived by BMW's conduct.

### 2. "Unfair" Conduct (UCL)

Defendant contends that Plaintiffs have not alleged conduct that would be "unfair" under the UCL, on the ground that it did disclose the increased susceptibility of low-profile tires to road hazard and consequential damage. Again, the Court finds Defendant's reliance on its "disclaimer" to be unpersuasive. As Defendant acknowledged, Plaintiffs can establish unfair conduct under the UCL by showing that the consumer injury was substantial, the injury was not outweighed by any countervailing benefits to consumers, and consumers themselves could not reasonably have avoided the injury. *Camacho v. Automobile Club of Southern California*, 142 Cal.App.4th 1394, 1403 (Cal. Ct. App. 2006). The parties' contentions turn on the relative costs and benefits of the disclosures BMW did make or the disclosures Plaintiffs claim it could easily have made. It is not appropriate for the Court to make such assessments on the basis of pleading allegations and the judicially noticed sales brochures.

### 3. "Unlawful" Conduct (UCL)

Plaintiffs' claim of unlawful conduct under the UCL is dependent on their CLRA claim. Because the Court dismisses the CLRA claim due to Plaintiffs' failure to plead that they are "consumers," (see section 5, *infra*), in their Third Amended Complaint Plaintiffs may assert a UCL claim based on "unlawful" conduct only if they are able to cure that defect in the CLRA claim.

### 4. Reliance and Materiality (UCL and CLRA)

Plaintiffs have sufficiently alleged that they suffered harm "as a result of" BMW's omissions. Cal. Civ. Code § 1780(a); Cal. Bus. & Prof. Code § 17204. For purposes of pleading a fraudulent omissions claim under the UCL and CLRA, a plaintiff satisfies the "as a result of" requirement by pleading that he would have behaved differently if he had been aware of the information and the undisclosed information would have been important to reasonable consumers. Plaintiffs have made the requisite allegations: They would not have purchased their vehicles at the price they paid or would have purchased the vehicle with different wheels. SAC ¶¶ 35, 41, 48, 52. *See generally Falk v. General*

Case 2:09-cv-00398-AHM-AJW Document 31 Filed 07/16/09 Page 5 of 7 Page ID #:395

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00398 AHM (AJWx) | Date | July 16, 2009 |
|---|---|---|---|
| Title | TED SHIN *et al.* v. BMW OF NORTH AMERICA, *et al.* | | |

*Motors Corp.*, 496 F. Supp. 2d 1088, 1095-99 (N.D. Cal. 2007) (discussing the pleading requirements for CLRA and UCL claims).

### 5. Missing Elements in Pleading the CLRA

Defendant contends that the CLRA claim fails because Plaintiffs have not alleged that they are consumers. To bring suit under the CLRA, a plaintiff must be a "consumer." Cal. Civ. Code § 1780(a). "Consumer," under the CLRA, "means an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." *Id.* § 1761(d). Plaintiffs have not alleged that they are consumers within the meaning of the statute. Thus, the Court grants Defendant's motion to dismiss the CLRA claim on this ground.

Defendant also contends that Plaintiffs failed to allege that they purchased their vehicles in a "transaction" with BMW. Without citing any authority, it asserts that a consumer who purchased a used BMW from a third party did not engage in the requisite "transaction." The CLRA makes unlawful "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1170(a). A "transaction" is broadly defined as "an agreement between a consumer and any other person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement." *Id.* § 1761(e). Plaintiffs have alleged that BMW provided Plaintiffs with a four-year, 50,000 mile express warranty. SAC ¶ 29. Given that the CLRA is to be liberally construed, *id.* § 1760, the warranty is a "transaction" that satisfies sections 1170(a) and 1761(e).

### 6. Pleading Fraud with Particularity

Defendant contends that Plaintiffs' UCL and CLRA claims are "grounded in fraud," because they allege that BMW "knowingly and purposefully failed to disclose to Plaintiff [s] and members of the Class that the BMW alloy wheels had an unreasonably short-life span. . . ." SAC ¶ 26; *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Plaintiffs respond that although they are not pleading a claim under the "fraudulent" prong of the UCL, their allegations satisfy the requisite pleading requirements for a claim of fraudulent conduct violating the UCL.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00398 AHM (AJWx) | Date | July 16, 2009 |
|---|---|---|---|
| Title | TED SHIN *et al.* v. BMW OF NORTH AMERICA, *et al.* | | |

To be precise, Plaintiffs' claims are not "grounded in fraud." Defendant ignores the distinction between claims that are on the whole grounded in fraud and those in which only particular averments sound in fraud. "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word "fraud" is not used)." *Vess*, 317 F.3d at 1105. The factual allegations underlying Plaintiffs' UCL and CLRA claims are not all based on fraud. Although paragraph 26 does allege BMW's knowledge, other of Plaintiffs' allegations describe non-fraudulent conduct. For example, they alleged that BMW "knew or should have known" that its alloy wheels were subject to premature cracking, SAC ¶¶ 23-24, and that they "performed, or should have performed, testing. . . to determine that the wheels were subject to cracking." SAC ¶ 25. These allegations do not amount to a pleading of "a unified course of fraudulent conduct," as Defendant implies. *Vess*, 317 F.3d at 1103. *Cf. Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citing the same principle from *Vess* and affirming the district court's conclusion that in that case, the plaintiff alleged that Ford engaged in a fraudulent course of conduct).

Rule 9(b) heightened pleading requirements only apply to allegations that describe fraudulent conduct. *Vess*, 317 F.3d at 1104. Only the averment that BMW "knowingly and purposefully failed to disclose" the alleged defect is subject to Rule 9(b), since that amounts to an allegation of knowledge of falsity and intent to defraud. Plaintiffs are not required to plead "reliance" and "materiality" with particularity, because those elements are grounded in the UCL's and CLRA's "as a result of" language and are thus distinct from the common law fraud element of "justifiable reliance." Cal. Bus. & Prof. Code § 17204; Cal. Civ. Code § 1780(a). *See Kearns*, 567 F.3d at 1125 (noting that fraud is not a necessary element of a claim under the CLRA and UCL).

BMW does not argue that Plaintiffs failed to allege scienter or intent to defraud with particularity or that it lacked notice of the particular misconduct it was charged with. Its arguments about the lack of specificity regarding Plaintiffs' actions and Plaintiffs' knowledge are immaterial to the question of whether BMW's knowledge of falsity and intent to defraud are pled with particularity. *See* Mot. at 15-16.

Plaintiffs have alleged facts that demonstrate that BMW knew about the premature cracking of its alloy wheels, *i.e.*, the "notice" referred to in SAC ¶ 27, yet did not alert consumers to that fact, but instead only mentioned a greater susceptibility to road

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00398 AHM (AJWx) | Date | July 16, 2009 |
|---|---|---|---|
| Title | TED SHIN *et al.* v. BMW OF NORTH AMERICA, *et al.* | | |

hazards.  Hence, their averment that Defendant "knowingly and purposefully failed to disclose" the alleged defect satisfies Rule 9(b).  *See Falk*, 496 F.Supp.2d at 1099 (finding these elements sufficiently pled in an analogous fraud by omission claim).

|  | : |
|---|---|
| Initials of Preparer | SMO |