# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT CALIFORNIA

| | |
|---|---|
| TED SHIN and GREGORY GLAZER, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BMW OF NORTH AMERICA<br><br>Defendant. | Case No. CV09-00398-AHM (AJWx)<br><br>**FINAL ORDER AND JUDGMENT**<br><br>Judge: A. Howard Matz |

Plaintiffs moved this Court for an Order finally approving the Settlement Agreement, certifying a Settlement Class, an award of attorneys' fees, expenses and incentive awards. On January 31, 2011, the Court held a hearing on the motions and the fairness of the settlement.

Upon considering the Parties' Amended Settlement Agreement and Release[1] or Stipulation and the accompanying exhibits (including forms of notice and claim forms) (collectively the "Settlement Agreement"), all papers in support of the settlement filed by the Parties, the Motion for Final Approval of Class Action Settlement, Plaintiffs' Application for Fees, Costs and Incentive Awards, all objections to the settlement, the record in this case, the arguments of counsel and other materials relevant to this matter, it is **ORDERED** that:

1. The Motion for Final Approval of Class Action Settlement is GRANTED.

2. This Court has both subject matter jurisdiction and personal jurisdiction as to this Action and all Parties before it pursuant to 28 U.S.C. § 1332(d)(2)(A).

3. The Settlement Agreement was arrived at as a result of arms'-length negotiations conducted in good faith by counsel for the parties and is supported by the overwhelming majority of the members of the Settlement Class. Taking these factors into account, along with the points set forth in the parties' respective responses to the objections, the Court concludes that the proposed settlement represents a reasonable compromise of the claims that have been asserted in this action.

---

[1] All capitalized terms in this Final Order and Judgment shall have the meaning and effect prescribed in the Settlement Agreement.

4. The Fourth Amended Complaint and all prior complaints in the Action, together with any and all claims alleged therein, are hereby dismissed with prejudice.

5. The Court approves the terms of the Settlement Agreement – attached as Exhibit 1 to the Supplemental Declaration of Marc L. Godino In Support of Unopposed Motion For Preliminary Approval of Settlement Agreement, previously filed with the Court and incorporated herein by this reference – as fair, adequate and reasonable as it applies to all Plaintiffs and Settlement Class Members. The Court further directs implementation of all terms and provisions of the Settlement Agreement.

6. The Mailed Notice, and documents submitted in connection therewith, the contents of which were previously approved by the Court's September 21, 2010 Order, have been disseminated in accordance with procedures required by the Court's Order and the law. These materials (a) provided the best practicable notice, (b) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed settlement, and of their right to appear or object to or exclude themselves from the proposed settlement, (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice, and (d) fully complied with United States Law. The notice apprised the members of the Settlement Class of the pendency of the litigation, of all material elements of the proposed settlement, of the *res judicata* effect of approval of the settlement on the members of the Settlement Class, of the opportunity to exclude themselves from the Settlement Class, to

FINAL ORDER APPROVING SETTLEMENT
-2-

object to the Settlement, and to appear at the Final Approval Hearing. Full opportunity has been afforded to the members of the Settlement Class to participate in the Final Approval Hearing. Accordingly, the Court determines that all members of the Settlement Class (except those who excluded themselves from the settlement) are bound by this Order and Final Judgment. A list of those persons who have excluded themselves from the settlement is attached hereto Exhibit 1.

7. The Class continues to meet all the requirements of Fed. R. Civ. P. 23(a) and (b)(3), as already found and for the reasons set forth in the Court's Order entered on September 21, 2010, Granting Preliminary Approval to the Settlement Agreement. This matter satisfies the requirements for the certification of a nationwide class for settlement purposes.

8. On September 21, 2010, the Court issued an order certifying a "Settlement Class" consisting of residents of the United States who currently own or lease, or previously owned or leased Class Vehicles originally sold or leased in the United States equipped with Class Wheels, or that a Class Member equipped with Class Wheels post-purchase. Specifically excluded from the Class are: (1) BMWNA, its subsidiaries and affiliates, officers, directors, and employees and authorized dealers, (2) Insurers of the Class Vehicles, Class Wheels, or tires installed on the Class Vehicles, (3) all entities claiming to be subrogated to the rights of Class Members, (4) issuers or providers of extended vehicle warranties, issuers or providers of tire/wheel warranties, or issuers or providers of extended service contracts, (5) individuals and/or entities who validly and timely opt-out of the

Settlement, (6) consumers or businesses that have purchased Class Vehicles deemed a total loss (*i.e.* salvage) (subject to verification through Carfax or other means), (7) current and former owners of a Class Vehicle that previously have released their claims against BMW NA with respect to the issues raised in the Litigation, (8) any current or former owner or lessee of a Class Vehicle that has received or obtained a goodwill or warranty replacement of a Class Wheel, (9) United States residents that have purchased Class Vehicles in the United States but have since transported the vehicle outside the United States for permanent use abroad, (10) Individuals or entities that have purchased and/or leased Class Vehicles as "fleet" vehicles (*i.e.* rentals or company vehicles), and (11) the Judge(s) and/or attorneys to whom the Litigation is or will be assigned.

9. The Court hereby appoints: (i) Ted Shin and Gregory Glazer as Settlement Class representatives; and (ii) Glancy Binkow & Goldberg LLP, located at 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067, as Class Counsel.

10. All Parties are bound by this Final Order and Judgment and by the Settlement Agreement.

11. BMW of North America LLC is forever discharged from any and all claims or causes of action regarding the Class Vehicle's Class Wheels as alleged in the Action, belonging to all Settlement Class Members who did not request exclusion from the Settlement Class in the time and manner provided for in the Settlement Agreement. This release occurs pursuant to the terms and covenants of the Settlement Agreement. Provided, however, that nothing in this Final

Order and Judgment is intended to bar Plaintiffs or Settlement Class Members from seeking to enforce or otherwise implement the Settlement Agreement and/or claims arising out of, based upon, or related to personal injury, property damages, or claims for subrogation.

12. The Court dismisses, on the merits and with prejudice, all claims currently pending before it belonging to Settlement Class Members who did not request exclusion from the Settlement Class in the time and manner provided for in the Settlement Agreement.

13. The claims of Settlement Class Members who validly elected to be excluded from the Settlement Class in the time and manner provided for in the Settlement Agreement are dismissed without prejudice.

14. The Court has received and considered the filed objection in Exhibit 12 to the Declaration of Marc L. Godino In Support of Plaintiffs' Application for Final Approval of Settlement and Application for Award of Attorneys' Fees, Expenses and Incentive Awards.  The Court has reviewed and considered said objection, and hereby overrules the objection.  This objection fails to recognize the compromise nature of the Settlement Agreement and the attendant risk of litigation that may have resulted in no benefit being distributed to any Class Member, absent the Settlement Agreement. The Court has considered all objections filed up until the date of the fairness hearing, whether timely or untimely postmarked, and whether or not separately identified in the moving papers.  The court overrules all objections, finding that they do not alter the Court's finding that the Settlement Agreement is fair and reasonable.

15. Class Counsel has applied for an award of attorneys' fees, Costs and incentive awards. Plaintiffs' Application for Award of Attorneys' Fees, Costs and Incentive Awards is GRANTED. For good cause shown, the Court awards Class Counsel reasonable attorneys fees in the amount of $500,000.00, in addition to an award of reasonable actual expenses in connection with the litigation in the amount of $7,235.32. Defendant is directed to make payment to Class Counsel for the foregoing fees and expenses awarded within the time frame set for the in paragraph IX. A. of the Settlement Agreement.

16. The Court further approves incentive awards for the Class representatives, in recognition of their contributions to the prosecution and resolution of this action, in the following amounts: Plaintiff Ted Shin $5,000.00 and Plaintiff Gregory Glazer $5,000.00.

17. The Settlement Agreement shall be used for settlement purposes only. The fact of, or any provision contained in, the Settlement Agreement or any action taken pursuant to it shall not constitute an admission of the validity of any claim or any factual allegation that was or could have been made by Plaintiffs and members of the Settlement Class in the present action or of any wrongdoing or liability of any kind on the part of BMW. The Settlement Agreement shall not be offered or be admissible in evidence by or against BMW or referred to in any other action or proceeding, except (a) in any action or proceeding brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, or (b) in any action involving Plaintiffs, members of Settlement Class, or any of them, in which the allegations are based on the same factual bases and allegations set

forth in this case, to support a defense of *res judicata*, *collateral estoppel*, release, waiver or other theory of claim preclusion, issue preclusion, or similar defense.

18. No person shall have any claims against Plaintiffs, Class Counsel, BMW, BMW's counsel or the parties or their counsels' agents based upon administration of the Settlement substantially in accordance with the terms of the Settlement Agreement or any order of the Court or appellate court.

19. If, for any reason, the Effective Date of the Settlement does not occur, this Final Order and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

20. Without affecting the finality of the Final Order and Judgment in any way, the Court reserves continuing jurisdiction over the Parties regarding the execution, consummation, administration and enforcement of the terms of the Settlement Agreement.

21. There being no just reason for delay, the Clerk is directed to enter the Final Order and Judgment.

**IT IS SO ORDERED.**

Dated:  February 22, 2011            _____
                                     Hon. A. Howard Matz
                                     United States District Court Judge

**JS-6**

---

FINAL ORDER APPROVING SETTLEMENT

-7-

**EXHIBIT 1**

List of Opt Outs

| First Name | Last Name | Street Address | City | State | Zipcode |
|---|---|---|---|---|---|
| Nahid | Bahrani | 3310 E Chevy Chase Dr | Glendale | CA | 91206 |
| Lourdes | Bosquez | 9006 Forest Crossing, Suite C | The Woodlands | TX | 77381 |
| Tanya | Gross | 7451 Olivers Shopt Rd | Hughesville | MD | 20637 |
| Alvin | Richer | 1587 Federal Heights Dr | Salt Lake City | UT | 84103 |
| Michell | Smith | 128 Windsorville Court | Jacksonville | FL | 32225 |